**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **EVELYN ANDERSON;** | : | |
| **WILLIAM J. LACOURCIERE;** | : | **CIVIL ACTION NO.** |
| **SHEILA W. LACOURCIERE;** | : | **3:10-cv-01876 (MRK)** |
| **JAMES MUNSON;** | : | |
| **KASIE MUNSON;** | : | |
| **CHRISTINE COONEY, in her capacity as** | : | |
|   **trustee for the Pollio Family Trust;** | : | |
| **JEANNE POLLIO;** | : | **DEMAND FOR JURY** |
| **ROSEMARY BREEN;** | : | |
| **RONALD ROY;** | : | |
| **BARBARA ROY;** | : | |
| **CAROLYN SIRKIN;** | : | |
| **FRANCIS SHAW;** | : | |
| **NANCY SHAW;** | : | |
| **DAVID A. WILCOX;** | : | |
| **STEPHEN G. WILCOX;** | : | |
| **JAMES J. TONUCCI;** | : | |
| **NANCY W. TONUCCI;** | : | |
| **CHERYL A. MURPHY;** | : | |
| **MARK D. MURPHY;** | : | |
| **FREDERICK H. CALLAHAN, III;** | : | |
| **ABRAHAM KRISST;** | : | |
| **DANETTE KRISST;** | : | |
| **FAITH L. WEISS;** | : | |
| **LAURA L. NELSON;** | : | |
| **KURT NELSON;** | : | |
| **GEORGE H. MERRITT, SR.;** | : | |
| **MARION F. MERRITT;** | : | |
| **KATHLEEN AMENTA;** | : | |
| **CONSTANCE MERRITT;** | : | |
| **JUDITH ROWEAN;** | : | |
| **JEAN LINDERMAN;** | : | |
| **PAULA MAGLIO;** | : | |
| **LAWRENCE MERRITT;** | : | |
| **GEORGE H. MERRITT, JR.;** | : | |

- 1 -

MARTIN MERRITT;                     :
MATTHEW MERRITT;                :
KENNETH R. RUSSELL;            :
JOANNE H. RUSSELL;             :
MARY S. VIGGIANO;              :
COREY MAHJOUBIAN;            :
GINA SIMANELLA;                :
LYDIA SPINELLA, individually      :
  and in her capacity as trustee for the Lydia:
  C. Spinella Family Trust;         :
LOUIS P. RICCELLI;              :
BARBARA D. RICCELLI;          :
SEBASTIAN R. DIGNOTI;        :
PAULA BARAKOS;               :
PETER BARAKOS;               :
SALVATORE MASONE;           :
ELAINE MASONE;                :
WILLIAM A. BRIMMER, JR;       :
BARBARA BRIMMER;            :
EUGENE J. MALONE III;         :
MARIANNE MALONE;            :
MICHAEL R. VIOLETTE, in his capacity :
  as trustee;                    :
MARY KATHRYN TATELBAUM;     :
CHARLES M. TATELBAUM;        :
PETER J. KORNICHUK;            :
COLLEEN C. KORNICHUK;        :
JOHN GALVIN, in his capacity as trustee;  :
TRUMAN W. BASSETT;            :
EMILY BASSETT;                :
NELSON W. RENNINGER;         :
DEAN E. FISCUS;                :
SUSAN FISCUS;                 :
RUTH PAPE;                    :
MICHAEL S. KAPROVE;           :
DEBBIE A. KAPROVE;             :
LOUIS P. ROSSI;                :
NANCY A. ROSSI;                :

| | |
|---|---|
| **VERNON W. BELANGER;** | : |
| **KAY F. BELANGER;** | : |
| **ROBERT M. STINGLE;** | : |
| **ANNE STINGLE;** | : |
| **GREGORY E. MCKENNA;** | : |
| **LINDA S. MCKENNA;** | : |
| **MICHAEL M. PULVER;** | : |
| **JANET K. PULVER;** | : |
| **JOSEPH P. GRILLO;** | : |
| **JOAN F. GRILLO;** | : |
| **PAMELA R. HORAN;** | : |
| **AUDREY C. CLAWSON;** | : |
| **JAMES A. RUSSO;** | : |
| **PHILIP A. PINEO;** | : |
| **DANNE M. PINEO;** | : |
| **JOHN F. DINARDI;** | : |
| **LUCY T. DINARDI;** | : |
| **PAUL S. HARTAN;** | : |
| **SHAWN E. HARTAN;** | : |
| **DONALD C. EILER;** | : |
| **MARIA D. EILER;** | : |
| **MARY SULICK;** | : |
| **WILLIAM J. PAPPAS in his capacity as** | : |
|   **trustee;** | : |
| **SUSAN G. PAPPAS in her capacity as** | : |
|   **trustee;** | : |
| **ELAINE CAMPBELL;** | : |
| **PRESTON H. CAMPBELL;** | : |
| **NANCY D. MAZZARELLA in her capacity** | : |
|   **as trustee;** | : |
| **ANNE-MARIE DELUCIA;** | : |
| **PETER MCCONNELL;** | : |
| **KATHERINE J. MCCONNELL;** | : |
| **THE EDGEWOOD GROUP;** | : |
| **CAROL ANN CLAWSON;** | : |
| **ROY BILODEAU;** | : |
| **KRISTY SIRIANNI-BILODEAU;** | : |
| **KAREN M. KINGSTON;** | : |

**RICHARD J. KINGSTON, JR.;**                    :
**THOMAS B. DONLON in his capacity**            :
  **as trustee;**                                :
**KATHLEEN DONLON in her capacity as**          :
  **trustee;**                                   :
**MARGARET O. HURLEY in her capacity**          :
  **as trustee;**                                :
**KEN KELLY in his capacity as trustee;**       :
**COLEEN H. MUIRHEAD;**                          :
**BARBARA P. O'KEEFE;**                          :
**ANDREW J. O'KEEFE;**                           :
**ANDREW G. LABROT, JR.;**                       :
**SANDRA BASCETTA;**                             :
**RAYMOND A. WOLSKI;**                           :
**FRANCES B. WOLSKI;**                           :
**LYN MENARD;**                                  :
**MARYANNE MENARD;**                             :
**TIMOTHY J. SCANLON;**                          :
**LINDA J. SCANLON;**                            :
**FRANK NICOTERA;**                              :
**MARILYN NICOTERA;**                            :
**PETER NORTON;**                                :
**ELLEN NORTON;**                                :
**MICHAEL A. MINKOS;**                           :
**ELAINE MINKOS;**                               :
**JOAQUIN MUT III;**                             :
**NANCY BAZILIAN;**                              :
**EDGAR H. BUTCHER, JR.;**                       :
**SANDRA G. BUTCHER;**                           :
**JOSEPH A. CANTONE;**                           :
**MARY JOYCE CANTONE;**                          :
**PHILIP DAVIDSON in his capacity as**          :
  **trustee;**                                   :
**JOSEPH MIGATZ;**                               :
**JEAN MIGATZ;**                                 :
**NICHOLAS DEFELICE;**                           :
**DORIS DEFELICE;**                              :
**PAUL NEVES;**                                  :

DANA L. NEVES;                                  :
FRED L. MARCANTONIO in his capacity             :
  as trustee;                         :
MARY S. LENNON;                                 :
JOSEPH R. LENNON;                               :
JERRY R. BROCKI;                                :
DONNA BROCKI;                                   :
STEPHEN MORTIMER;                               :
KATHERINE MORTIMER;                             :
DIANE BAKRON,                                   :
     *Plaintiffs*      :
                                                :
v.                                              :
                                                :
TOWN OF OLD LYME;                               :
ZONING COMMISSION OF                            :
  THE TOWN OF OLD LYME;                :
ANN C. BROWN,                                   :
  in her official and individual capacities as  :
  Zoning Enforcement Officer of the Town  :
  of Old Lyme;                         :
GEORGE JAMES, in his                            :
  official capacity as Zoning Commissioner  :
  for the Town of Old Lyme;            :
ERIC FRIES, in his official                     :
  capacity as Zoning Commissioner for the  :
  Town of Old Lyme;                    :
JANE MARSH, in her                              :
  official capacity as Zoning Commissioner  :
  for the Town of Old Lyme;            :
THOMAS RISOM, in his                            :
  official capacity as Zoning Commissioner  :
  for the Town of Old Lyme;            :
WALTER SEIFERT, in his                          :
  official capacity as Zoning Commissioner  :
  for the Town of Old Lyme;            :
SHARON COLVIN,  in her                          :
  official capacity as Zoning Commissioner  :

- 5 -

| | |
|---|---|
| **for the Town of Old Lyme;** | : |
| **JANE CABLE, in her** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **JOHN JOHNSON, in his** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **PATRICK LOONEY, in his** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **TED KIRITSIS, in his** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **BETH SULLIVAN, in her** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **JOAN BOZEK, in her** | : |
| **official capacity as Zoning Commissioner** | : |
| **for the Town of Old Lyme;** | : |
| **TIMOTHY C. GRISWOLD, individually and** | : |
| **in his official capacity as First Selectman** | : |
| **for the Town of Old Lyme** | : |

|                          |   |                      |
|--------------------------|---|----------------------|
| *Defendants*             | : | **AUGUST 29, 2011**  |

## <u>AMENDED COMPLAINT</u>

The Plaintiffs**,** by and through their undersigned attorneys, hereby sue The Town

of Old Lyme ("Town"); the Zoning Commission of the Town of Old Lyme ("Zoning

Commission"); Ann Brown, the Zoning Enforcement Officer of the Town of Old Lyme, in

her individual and official capacity; various past and present members of the Zoning

Commission in their official capacities; and Timothy C. Griswold, First Selectman of the

Town of Old Lyme, in his individual capacity and official capacity as policymaker of the

Town, for declaratory and injunctive relief and legal relief as authorized by 42 U.S.C. §

1983 et seq. This is an action based on zoning regulations, enacted and enforced by Defendants against the Plaintiffs, which unlawfully restrict the use and improvement of lawful nonconforming uses within a certain residential zone in order to prevent the Plaintiffs from occupying or using their property within such zone between November 30 and March 15.

In a previous settlement between the Town and similarly situated plaintiffs in a separate action, the Town agreed not to enforce the zoning ordinances at issue against those plaintiffs. Enforcement of those zoning ordinances against the Plaintiffs in this action therefore denies Plaintiffs equal protection of the laws. In addition, the Town has denied the Plaintiffs substantive or procedural due process as to their properties as protected by the Fifth and Fourteenth Amendments to the United States Constitution.

**PARTIES**

_____1.    The Plaintiffs, as listed below, are all the owners of several and separate parcels of real property located in the Town of Old Lyme's R-10 district. The Plaintiffs anticipate that they will be designated representatives of a class for which they intend to move for certification.

> A.    Plaintiff Evelyn Anderson is the owner of a property located at 55 Shore Drive in the R-10 Zoning District in the Town of Old Lyme.

> B.    Plaintiffs William J. Lacourciere and Sheila Lacourciere are owners of a property located at 16 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

- 7 -

C.     Plaintiffs James Munson and Kasie Munson are owners of a property located at 110 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

D.     Plaintiff Christine Cooney is the trustee of the Pollio Family Trust, and the legal title holder of properties located at 9 Champion Road and 11 Champion Road in the R-10 zoning District of the Town of Old Lyme. Each property is held in trust for the benefit of Plaintiff Joanne Pollio.

E.     Plaintiff Rosemary Breen is the owner of a property located at 80 Connecticut Road in the R-10 Zoning District in the Town of Old Lyme.

F.     Plaintiffs Ronald Roy and Barbara Roy are owners of a property located at 22 Walnut Road in the R-10 Zoning District in the Town of Old Lyme.

G.     Plaintiff Carolyn Sirkin is the owner of a property located at 74 Connecticut Road in the R-10 Zoning District in the Town of Old Lyme.

H.     Plaintiffs Francis Shaw and Nancy Shaw are owners of a property located at 20 Walnut Road in the R-10 Zoning District in the Town of Old Lyme.

I.     Plaintiffs David A. Wilcox and Stephen G. Wilcox are owners of a property located at 22 Sargent Road in the R-10 Zoning District in the Town of Old Lyme

J.     Plaintiffs James J. Tonucci, Nancy W. Tonucci, Cheryl A. Murphy, and Mark D. Murphy are owners of a property located at 16 Oak Road in the R-10 Zoning District in the Town of Old Lyme.

K.     Plaintiff Frederick H. Callahan, III, is the owner of a property located at 9 Carrington Road in the R-10 Zoning District in the Town of Old Lyme.

L.     Plaintiffs Abraham Krisst and Danette Krisst are owners of a

- 8 -

property located at 21 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

M.     Plaintiff Faith L. Weiss is the owner of a property located at 20 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

N.     Plaintiffs Laura L. Nelson and Kurt Nelson are owners of a property located at 21 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

O.     Plaintiffs George H. Merritt, Sr., Mario F. Merritt, Kathleen Amenta, Constance Merritt, Judith Rowean, Jean Linderman, Paula Maglio, Lawrence Merrit, George H. Merritt, Jr., Martin Merritt, and Matthew Merritt are owners of a property located at 56 Saltaire Drive in the R-10 Zoning District in the Town of Old Lyme.

P.     Plaintiffs Kenneth R. Russell and Joanne H. Russell are owners of a property located at 20 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

Q.     Plaintiff Mary S. Viggiano is the owner of a property located at 19 Sea View Road in the R-10 zoning District in the Town of Old Lyme.

R.     Plaintiff Judith Rowean is the owner of two properties, located at 26 and 29 Billow Road in the R-10 Zoning District in the Town of Old Lyme.

S.     Plaintiffs Corey Mahjoubian and Gina Simanella are the owners of a property located at 7 Venetian Drive in the R-10 Zoning District in the Town of Old Lyme.

T.     Plaintiff Lydia Spinella is the trustee of the Lydia C. Spinella Family Trust and the legal title holder of a property located at 55 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

U.     Plaintiffs Louis P. Ricelli and Barbara D. Ricelli are the owners of properties located at 21 & 23 Columbus Avenue in the R-10 Zoning District in the Town of Old Lyme.

V.      Plaintiff Sebastian R. Dignoti is the owner of a property located at 17 Columbus Avenue in the R-10 Zoning District in the Town of Old Lyme.

W.      Paula Barakos and Peter Barakos are the owners of a property located at 47 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

X.      Salvatore Masone and Elaine Masone are the owners of a property located at 1 Devitt Loop in the R-10 Zoning District in the Town of Old Lyme.

Y.      William A. Brimmer, Jr. and Barbara Brimmer are the owners of a property located at 34 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

Z.      Eugene J. Malone, III, and Marianne Malone are the owners of a property located at 25 Flagler Avenue in the R-10 Zoning District in the Town of Old Lyme.

AA.     Michael R. Violette is the legal title holder as trustee of a property located at 2 Stanhope Avenue in the R-10 Zoning District in the Town of Old Lyme.

AB.     Charles M. Tatelbaum and Mary Kathryn Tatelbaum are the owners of a property located at 36 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AC.     Peter J. Kornichuk and Colleen C. Kornichuk are the owners of a property located at 78 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

AD.     John Galvin is the legal title holder as trustee of a property located at 87 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

AE.     Truman W. Bassett and Emily Elizabeth Bassett are the owners of a property located at 64 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AF.     Nelson W. Renninger is the owner of a property located at 69 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AG.     Dean E. Fiscus and Susan Fiscus are the owners of a property located at 94 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

AH.     Ruth W. Pape is the owner of a property located at 46 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AI.     Michael S. Kaprove and Debbie A. Kaprove are the owners of a property located at 9 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

AJ.     Louis P. Rossi and Nancy A. Rossi are the owners of a property located at 22 Massachusetts Road in the R-10 Zoning District in the Town of Old Lyme.

AK.     Vernon W. Belanger and Kay F. Belanger are the owners of a property located at 13 Stanhope Avenue in the R-10 Zoning District in the Town of Old Lyme.

AL.     Robert M. Stingle and Anne Stingle are the owners of a property located at 73 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

AM.     Gregory E. McKenna and Linda S. McKenna are the owners of properties located at 52 Sea View Road and 58 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AN.     Corey M. Pulver and Tracy M. Pulver are legal title holders as trustees of a property located at 10 Oak Road in the R-10 Zoning District in the Town of Old Lyme.

AO.     Joseph P. Grillo and Joan F. Grillo are the owners of a property located at 5 Sargent Road in the R-10 Zoning District in the Town of Old Lyme.

AP.     Pamela R. Horan is the owner of a property located at 7 Stanhope

Avenue in the R-10 Zoning District in the Town of Old Lyme.

AQ.   Audrey C. Clawson is the owner of a property located at 9 Stanhope Avenue in the R-10 Zoning District in the Town of Old Lyme.

AR.   James A. Russo is the owner of a property located at 37 Connecticut Road in the R-10 Zoning District in the Town of Old Lyme.

AS.   Philip A. Pineo and Danne M. Pineo are the owners of properties located at 31 Sea View Road and 27 Oak Road in the R-10 Zoning District in the Town of Old Lyme.

AT.   John F. Dinardi and Lucy T. Dinardi are the owners of a property located at 4 Sargent Road in the R-10 Zoning District in the Town of Old Lyme.

AU.   Paul S. Hartan, Shawn E. Hartan, Donald C. Eiler and Maria Eiler are the owners of a property located at 27 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AV.   Mary K. Sulick is the owner of a property located at 39 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

AW.   William J. Pappas and Susan G. Pappas are the owners of a property located at 44 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

AX.   Elaine Campbell and Preston Campbell are the owners of a property located at 8 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

AY.   Nancy D. Mazzarella is the owner of a property located at 28 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

AZ.   Anne-Marie Delucia is the owner of a property located at 44 Connecticut Road in the R-10 Zoning District in the Town of Old Lyme.

BA.    Peter F. McConnell and Katherine J. McConnell are the owners of a property located at 15 Oak Road in the R-10 Zoning District in the Town of Old Lyme.

BB.    The Edgewood Group and Carol Ann Clawson are the owners of a property located at 32 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

BC.    Roy Bilodeau and Kristy Sirianni-Bilodeau are the owners of a property located at 15 Carrington Road in the R-10 Zoning District in the Town of Old Lyme.

BD.    Karen M. Kingston and Richard J. Kingston, Jr. are the owners of a property located at 12 Old Colony Road in the R-10 Zoning District in the Town of Old Lyme.

BE.    Thomas B. Donlon and Kathleen Donlon are the legal title holders as trustees of a property located at 20 Sargent Road in the R-10 Zoning District in the Town of Old Lyme.

BF.    Margaret O. Hurley and Ken Kelly are the legal title holders as trustees of a property located at 31 Massachusetts Road in the R-10 Zoning District in the Town of Old Lyme.

BG.    Coleen H. Muirhead is the owner of a property located at 95 Hill Crest Road in the R-10 Zoning District in the Town of Old Lyme.

BH.    Andrew J. O'Keefe and Barbara P. O'Keefe are the owners of a property located at 13 Oak Road in the R-10 Zoning District in the Town of Old Lyme.

BI.    Andrew G. Labrot, Jr. is the owner of a property located at 29 Old Colony Road in the R-10 Zoning District in the Town of Old Lyme.

BJ.    Sandra Bascetta is the owner of a property located at 8 Carrington Road in the R-10 Zoning District in the Town of Old Lyme.

BK.    Frances B. Wolski and Raymond A. Wolski are the owners of a property located at 50 New Britain Road in the R-10 Zoning District

in the Town of Old Lyme.

BL.    Lyn L. Menard and Maryann Menard are the owners of a property located at 4 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

BM.    Linda Scanlon and Timothy J. Scanlon are the owners of a property located at 47 Swan Avenue in the R-10 Zoning District in the Town of Old Lyme.

BN.    Frank Nicotera and Marilyn Nicotera are the owners of a property located at 20 Purtill Avenue in the R-10 Zoning District in the Town of Old Lyme.

BO.    Peter Norton and Ellen Norton are the owners of a property located at 10 Springfield Road in the R-10 Zoning District in the Town of Old Lyme.

BP.    Elaine Minkos and Michael Minkos are the owners of a property located at 17 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

BQ.    Joaquin Mut III is the owner of a property located at 33 Springfield Road in the R-10 Zoning District in the Town of Old Lyme.

BR.    Nancy Bazilian is the owner of a property located at 16 Cottage Road in the R-10 Zoning District in the Town of Old Lyme.

BS.    Edgar H. Butcher, Jr. and Sandra G. Butcher are the owners of a property located at 29 Hartford Avenue in the R-10 Zoning District in the Town of Old Lyme.

BT.    Joseph Cantone and Mary J. Cantone are the owners of a property located at 6 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

BU.    Philip Davidson is the legal title holder as trustee of a property located at 38 White Sands Beach Road in the R-10 Zoning District in the Town of Old Lyme.

BV.   Joseph S. Migatz and Jean L. Migatz are the owners of a property located at 7 Carrington Road in the R-10 Zoning District in the Town of Old Lyme.

BW.   Nicholas Defelice and Doris Defelice are the owners of a property located at 24 Springfield Road in the R-10 Zoning District in the Town of Old Lyme.

BX.   Dana L. Neves and Paul Neves are the owners of a property located at 40 White Sands Beach Road in the R-10 Zoning District in the Town of Old Lyme.

BY.   Fred L. Marcantonio is the legal title holder as trustee of a property located at 14 Flagler Avenue in the R-10 Zoning District in the Town of Old Lyme.

BZ.   Joseph R. Lennon and Mary S. Lennon are the owners of a property located at 48 Ridgewood Road in the R-10 Zoning District in the Town of Old Lyme.

CA.   Jerry R. Brocki and Donna Brocki are the owners of a property located at 28 Old Colony Road in the R-10 Zoning District in the Town of Old Lyme.

CB.   Stephen Mortimer and Katherine Mortimer are the owners of a property located at 22 Sea View Road in the R-10 Zoning District in the Town of Old Lyme.

CC.   Diane Bakron is the owner of a property located at 57 Springfield Road in the R-10 Zoning District in the Town of Old Lyme.

2.    The Defendant, The Town of Old Lyme is a municipality organized under the laws of the State of Connecticut and is authorized by state law to pass and enforce zoning regulations effecting the use of properties within its territory.

3.    The Defendant, Zoning Commission of Old Lyme is a zoning commission

organized under and authorized by Connecticut law to create zoning regulations affecting the use of properties within the town limits of Defendant Town of Old Lyme.

4.      The Defendants, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert, Sharon Colvin, Jane Cable, John Johnson, , Patrick Johnson, Patrick Looney, Ted Kiritsis, Beth Sullivan, and Joan Bozek were at relevant times duly appointed and acting members of the Zoning Commission of Defendant Town and, acting under color and pretense of law, deprived Plaintiffs of their rights, privileges and immunities under the United States Constitution and are sued in their official capacities.

5.      The Defendant, Ann C. Brown, is and was at relevant times a duly appointed Zoning Enforcement Officer of Defendant Town of Old Lyme and, acting under color and pretense of law, deprived the Plaintiffs of their rights, privileges and immunities under the United States Constitution, and is sued in her individual and official capacity.

6.      The Defendant, Timothy C. Griswold, is the duly elected and appointed First Selectman of the Town of Old Lyme and is the chief executive officer responsible for the administration of the government of the Town of Old Lyme, including the enforcement of its ordinances and zoning regulations. Acting under color and pretense of law, Griswold deprived the Plaintiffs of their rights, privileges and immunities under the United States Constitution, and is sued in his individual and official capacity.

**JURISDICTION**

- 16 -

_____7.     This court possesses federal question and civil rights jurisdiction to hear this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343, respectively.

8.     This court possesses supplemental jurisdiction over claims involving state law in this case pursuant to 28 U.S.C. § 1367. The state law issues in this litigation are so related to the federal question and civil rights claims within this court's original jurisdiction that they form a part of the same case or controversy.

**FACTS**

**Zoning History**

9.     Since the adoption of zoning by the Town in 1941, Plaintiffs' properties have been located in the R-10 residential zoning district which permits, as of right, the construction and use of single-family dwellings.

10.     As early as 1977, the Defendants began to undertake efforts to limit the use of the Plaintiffs' properties, and other similarly situated R-10 properties containing residential dwellings that were constructed prior to the adoption of zoning regulations establishing a minimum lot area of 10,000 square feet for the construction of new residential dwellings.

11.     In 1983, Article I, Section C.57 of the Zoning Regulations of the Town of Old Lyme ("Regulations") was adopted to define "seasonal dwelling" as:

> A dwelling unit, designed, used or intended to be used for seasonal use.

- 17 -

12.     In 1983, Article I, Section C.58 of the Regulations defined "seasonal use" as:

> The use of a structure for dwelling purposes between April 1 and November 15, only.

13.     Despite the inclusion of definitions of "seasonal dwellings" and "seasonal use," the Zoning Regulations of the Town of Old Lyme in 1983 contained no restrictions limiting the use of any R-10 properties to "seasonal use" or restricting the use of "seasonal dwellings."

14.     On various occasions after 1983, Defendant Town, acting through its Zoning Enforcement Officers, attempted to prevent certain persons from using their R-10 properties during the months of November through April based solely on the fact that dwellings were located on lots having less that 10,000 square feet of area.

15.     The Connecticut Superior Court found repeatedly that the Regulations did not provide authority to restrict R-10 property owners from using their properties on a year-round basis. The court, in each case, found that the use of existing dwellings during particular times of the year did not have the effect of illegally expanding any nonconformity related to lot size. See Arcata v. Zoning Board of Appeals, 1993 WL 394500 (Conn. Super. Sept. 21, 1993); Habicht v. Zoning Board of Appeals, 1993 WL 284791 (Conn. Super. July 22, 1993); and French v. Zoning Board of Appeals, 1993 WL 284789 (Conn. Super. July 22, 1993).

16.     Prior to the Superior Court's decisions in each of the above cases, the Zoning Commission of the Town of Old Lyme undertook a comprehensive revision of its Regulations; the revision was completed in late 1991 and became effective on January 1, 1992 (the "1992 Regulations")

17.     The 1992 Regulations, like their predecessor regulations, provided that year-round use of a single-family dwelling was a permitted as-of-right use in the R-10 zoning district.

18.     The 1992 regulations governing permitted uses in the R-10 zone included no limitation of the months in which a single-family dwelling could be used.

19.     Although year-round use of a single-family dwelling in the R-10 zone was expressly permitted by the 1992 Regulations and, therefore, was not nonconforming use, Article III, Section E.1.3 of the Regulations prohibiting the expansion of "nonconforming uses" was amended in 1992 to provide:

> These prohibitions specifically include the occupancy of a seasonal use beyond the period of November 15 to April 1 and the winterization, refurbishment or remodeling of a seasonal dwelling to accommodate other than seasonal use.

20.     On April 10, 1995, the Defendant Commission adopted additional amendments to the Regulations, effective June 5, 1995 ("the 1995 Amendments"), in an effort to restrict the use of existing lawful nonconforming lots.

21.     The 1995 Amendments consisted of a revision to Schedule A-1 of the

Regulations relating to the definitions of permitted uses within the R-10 zoning district. The definitions of uses permitted in the R-10 zone continue to list single-family residential dwellings as a permitted as-of-right use, but include an amendment which provides that residential use of property in the residential R-10 zone is subject to the "additional standards" contained within the newly revised Paragraph 21.2 of the Regulations.

22.     Paragraphs 21.2 provided, in relevant part, that year-round use of single-family dwellings in the R-10 zone is subject to approval by the ZEO only upon proof of several conditions, including that the lot contain at least 10,000 square feet of area and contain no more than one dwelling unit.

23.     The effect of those regulations was that although year-round use of single-family dwellings was permitted throughout 1992, only those property owners who demonstrated to the ZEO's satisfaction that they were using their property on a year-round basis prior to January 1, 1992 would be permitted to use their property on a year-round basis in the future as a "nonconforming use."

### Prior Litigation Over Related Regulations

24.     In 199, numerous owners of property in the R-10 district, similarly situated to the plaintiffs in this action, sued the Town of Old Lyme, its Zoning Commissioners, and the Zoning Enforcement Officer. The owners formed the South Lyme Property Owners Association, Inc. and sued under the name of the association. Three other

property owners, Charles and Victoria Parsons, and Joan Byer, sued on their own names. The caption and docket number for the 1999 Case in this Court are South Lyme Property Owners Association, Inc., et al. v. Town of Old Lyme et al., 3:00cv97(EBB)

26. In that lawsuit (the "1999 Case"), the Plaintiffs challenged the Regulations as amended in 1995 on the basis that the prohibition on off-season use was based solely on the fact that the owners' properties were located on lots that were legally non-conforming uses with respect to the 10,000 square foot requirement which was adopted after the dwellings were constructed on those properties.

26. The 1999 Case was commenced in Connecticut Superior Court and removed to the United States District Court for the District of Connecticut on January 19, 2000.

27. In the 1999 Case, the Association sued Defendant Town of Old Lyme over a substantially similar set of zoning regulations which gave the Zoning Enforcement Officer of the Town of Old Lyme the power to make preliminary determinations of seasonal use and placed the burden on property owners to rebut those determinations with documentary evidence.

28. The Association alleged that such regulatory scheme violated Connecticut General Statutes §8-2; Article First, Sections 8 and 10 of the Connecticut Constitution; 42 U.S.C. § 1983 et seq. and the Fifth and Fourteenth Amendments to the United

States Constitution.

29.     Senior District Judge Ellen Bree Burns granted the Association's motion for a preliminary injunction on the basis that the Association was likely to prevail on the merits of its claim that the scheme denied procedural due process. See South Lyme Prop. Owners Ass'n v. Town of Old Lyme, 121 F. Supp.2d 195 (D.Conn. 2000).

30.     Judge Burns also denied Defendant Town's motion for summary judgment in the case, holding that the Association had presented sufficient evidence to allow a reasonable finder of fact at trial to find in its favor on all of its due process and equal protection claims.

31.     Following the denial of Defendant Town's motion for summary judgment, the parties in that litigation settled according to terms that have not been publicly disclosed. As evidenced by Old Lyme Zoning Regs §11.19A.3, Defendant Town designated certain properties within the R-10 district at issue in the 1999 Case, and only those properties, to be Year-Round Use Dwellings without regard to their actual prior use.

32.     Those properties whose owners were parties to the settlement in the 1999 Case do not have to provide the extensive evidence required of R-10 property owners in general, and may obtain Year-Round use designation in the registry simply by stating in their registration form that their property was part of the 1999 Case settlement. See regulations, 11.19A.3(a)(6) and § 11.19A.4(d), stating in relevant part that designation

as a Year-Round Use as part of the settlement agreement is conclusive evidence of Year-Round Use for the registry.

## Post-Litigation Regulations

33.    Following the litigation of the 1999 Case, the zoning Commission undertook to reform the Regulations to address due process issues identified by the court in its decisions in that case. Such changes were passed and became effective on December 31, 2009. ("2009 Regulations").

34.    In the 2009 Regulations, the definition for "seasonal use" was amended to lengthen the permitted use period. The new seasonal use period begins March 15 and ends November 30. The definition of "seasonal use" also permits minimal use of the properties during the off-season, limited to no more than two occasions and no more than 48 hours per occasion of off-season use.

35.    The 2009 Regulations added Section 11.19A, requiring the Town to create a registry for all dwellings located in the R-10 district which specifies whether each dwelling is allowed for year-round or only seasonal use.

36.    Each dwelling owner in the R-10 district is required to file a new registration form with the ZEO asserting that their property is a year-round use; failure to submit the form results in a determination that the property is seasonal-use only by default.

37.    Each dwelling owner registering their dwelling as required by Regulations

must submit a form with information and evidence showing how the property was used prior to December 31, 1999, including whether the property drew water from a well or from the public water system; whether the property used a septic system or public sewers; and the heating system that was in place.

38.     As for each item of information about the property's heating, water, septic system, and other utilities, the owner is required to provide evidence of permits issued for such utilities and systems prior to December 31, 1999. Whether such features were upgraded in the ten years between December 31, 1999 and the effective date of the new regulation is not among the criteria for year-round use that the ZEO is allowed to consider.

39.     One method for providing that an owner's property was a Year-Round Use prior to December 31, 1999 is to establish that one's property was designated as such a use by the terms of the settlement of South Lyme Property Owners Ass'n v. Town of Old Lyme, Docket No. 300-CV-97(EBB). Such evidence is conclusive and relieves such property owners from having to prove the actual use of the property immediately prior to December 31, 1999. The list of properties entitled to such a determination is contained in a document called table 11.19A.3, appended to the Zoning Regulations of the Town of Old Lyme.

40. The designation of the properties listed in table 11.19A.3 as year-round uses without regard to their compliance with a procedure that is applied to all other similarly

situated properties is the result of a special contract between Defendant Town and the property owners who were parties to the prior litigation.

41.     Despite the fact that the contract between Defendant Town and the property owners who were parties to the prior litigation provides a special privilege and emolument exempting the owners of those properties from the obligations of registration placed upon other R-10 property owners, such contract was not approved or voted upon by the electorate of the Town of Old Lyme.

42.     By incorporating table 11.19A.3 by reference into the Zoning Regulations, Defendant Town and the Zoning Commission has explicitly granted certain individuals and their properties special, differential status based solely upon their private agreement with Town officials.

43.     If the Zoning Enforcement Officer denies a registration as a Year-Round Dwelling, or the property owner does not postmark a completed registration form prior to September 30, 2010, the Zoning Enforcement Officer will list the property in the Registry as a Seasonal Use Dwelling. Any Seasonal Use Dwelling can only be occupied during the period of March 15 to November 30, with strictly limited occupancy rights after November 30 or before March 15 in any given year.

44.     Any property which is registered by the Zoning Enforcement Officer as a Seasonal Use Dwelling may not be used or occupied during the off-season except on a minimal basis. In addition, property owners of any R-10 property listed in the registry as

a Seasonal Use Dwelling may not make improvements to that property to allow year-round use unless the lot is at least 10,000 square feet in area and contains no more than one dwelling unit.

45.    Once a property has been deemed a Seasonal Use Dwelling by the Zoning Enforcement Officer, a property owner may apply for a permit to covert the property to a Year-Round Use dwelling.

46.    Among the requirements for a permit to covert the property's use is the requirement that the lot contain at least 10,000 square feet in area and that the lot contain no more than one dwelling unit.

47.    Such 1999 amendments to the Regulations and that portion of Section 9.2.1 which provides that use of a dwelling between November 15 and April 1 is prohibited as an enlargement or extension of a nonconforming use and are collectively referenced as the "Challenged Regulations."

48.    Although year-round use of single family dwellings was permitted in all residential zones in Old Lyme through 2009, the Challenged Regulations provide that only those property owners who can demonstrate to the ZEO's satisfaction that they were using their property on a year-round basis prior to December 31, 199 will be able to continue to use their property on a year-round basis as a "nonconforming use."

49.    Because in 2000, Judge Burns issued a preliminary injunction against enforcement of the 1995 Regulations, after a preliminary finding that the South Lyme

Property Owners Association was likely to prevail on the merits, there were no valid, constitutional regulations restricting year-round use of nonconforming R-10 between he passage of such regulations in 1995 and the settlement in the 1999 case. However, property owners who established a nonconforming year-round use of their properties during such period are not entitled by the Challenged regulations to registration of the properties as year-round uses.

50.     The Challenged Regulations purport to prohibit the use of Plaintiffs' properties between November 30 and March 15 (or, in the case of some inconsistent sections of the regulations, November 15 and April 1) of each year based solely upon the fact that the residential dwellings are located on lots that are legally nonconforming with respect to the 10,000 square foot minimum area requirement adopted after the dwellings were constructed.

51.     The Challenged Regulations have had and will continue to have a negative impact on the Plaintiffs use and enjoyment of their property, including difficulty obtaining credit using the properties as collateral, loss of use of the land for the time between November 30 and March 15, diminution in the market value of the properties, and excessive property tax assessments which value the land based on year-round use even though the property owners do not have a right to year-round use of the property or access to government services during the off-season.

52.     In addition to promulgating and enforcing the Challenged Regulations,

Defendant Town and its employees and agents have taken other unauthorized steps to interfere with the Plaintiffs' rightful use of their properties, including directing local utility companies to unjustifiably terminate utility services to the properties during the off-season.

**FIRST COUNT- 42 U.S.C. § 1983; FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

53.     The allegations contained in paragraphs 1 though 52 are hereby reincorporated and realleged as if fully restated herein as paragraphs 1 through 52 of the First Count.

54.     The Defendants, George James, Eric Fries, Jane Marsh, Thomas Risom, Walter Seifert, Sharon Colvin, Jane Cable, John Johnson, Patrick Looney, Ted Kiritsis, Beth Sullivan, and Joan Bozek were at relevant times duly appointed and acting members of the Zoning Commission of Defendant Town and, acting under color and pretense of law, deprived Plaintiffs of their rights, privileges and immunities under the United States Constitution, and is sued in her individual and official capacities.

55.     The Defendant, Ann C. Brown, is and was at relevant times a duly appointed Zoning Enforcement Officer and, acting under color and pretense of law, deprived and continues to deprive the Plaintiffs of their rights, privileges and immunities under the United States Constitution, and is sued in her individual and official capacities.

56.     The Defendant, Timothy C. Griswold, is and was at relevant times the duly elected and appointed First Selectman of the Town of Old Lyme. Pursuant to Connecticut law, the First Selectman is the chief executive officer of the Town. Griswold, acting under color and pretense of law, deprived and continues to deprive the Plaintiffs of their rights, privileges and immunities under the United States Constitution, and is sued in his individual and official capacities.

57.      The effect of the Challenged regulations and the actions of the Defendants was and is to deprive the Plaintiffs of the reasonable use of their property without compensation, and without due process of law guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

58.     The regulations prohibiting the Plaintiffs from using their single-family residentially zoned properties during certain months of the year denies the Plaintiffs equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

59.     The regulations creating two separate application procedures for a determination of year-round use for two different classes of similarly situated property owners denies the Plaintiffs equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

**SECOND COUNT - DECLARATORY RELIEF (28 U.S.C. § 2201)**

60.     The allegations contained in paragraphs 1 through 59 are hereby

reincorporated and realleged as if fully restated herein as paragraphs 1 through 59 of this the Second Count.

61.     The Challenged Regulations, which prohibit the use of residentially zoned R-10 properties containing single-family dwellings served by adequate heat, water and sewage disposal systems during three and one-half months of the year due solely to the fact that the residential dwellings exist on lawful nonconforming lots having less than 10,000 square feet of area, bear no substantial relationship to public health, safety, or general welfare and are, therefore, unauthorized by Connecticut General Statutes § 8-2.

62.     The restriction of the usage of certain R-10 properties during certain winter months based solely on the legal nonconformity with an area requirement of the Old Lyme Zoning Regulations constitutes the unlawful amortization of legally nonconforming property in violation of Connecticut General Statutes § 8-2.

63.     The restrictions on the use of R-10 properties due to the existence of more than a single dwelling unit constructed on a lot prior to the adoption of zoning constitutes an unlawful amortization of legally nonconforming buildings in violation of Connecticut General Statutes § 8-2.

64.     The Challenged regulations purporting to establish that the year-round use of residential single-family dwellings in the R-10 zone is not permitted unless a property owner establishes that the property was so used prior to December 31, 1999

violates the protections afforded to nonconforming lots and uses set forth in Connecticut General Statutes § 8-2 and constitutes a retroactive-zoning regulation in violation of Conn. Gen. Stat. § 8-2h(a).

65.    The Challenged Regulations imposing conditional standards for the year-round use of residentially zoned property in the R-10 outside the context of special permits or special exception review violates the zoning enabling act of Connecticut General Statutes § 8-2, which provides that uses permitted in a particular zone must be uniform throughout a particular zoning district, except for those uses designated as special permit or special exception uses.

66.    The Defendants' arbitrary procedure in making seasonal use determinations based solely on a review of certain limited forms of documentation that exist in the public record, placing the burden on the Plaintiffs to register their property as a year-round property, and arbitrarily selecting December 31, 1999 as the relevant date for nonconforming use, is in violation of the Plaintiffs' substantive and procedural due process rights protected by the Fifth and Fourteenth Amendment to the United States Constitution.

67.    The Defendants' arbitrary procedure in making seasonal use determinations based solely on a review of certain limited forms of documentation that exist in the public record, placing the burden on the Plaintiffs to register their property as a year-round property, and arbitrarily selecting December 31, 1999 as the relevant

date for nonconforming use, is in violation of the Plaintiffs' substantive and procedural

due process rights protected by Article First, Selections 8 and 10 of the Connecticut

Constitution.

68.    The designation by Defendants of certain properties, as listed in Table

11.19A.3, Appendix to the Old Lyme Zoning Regulations, as properties entitled to year-

round use status as of right without the need to comply with the same process required

of landowners not appearing on Table 11.19A.3, represents an exclusive public

emolument or privilege from the community in violation of Article First, Section 1 of the

Connecticut Constitution.

69.    The creation of a separate process by which certain similarly situated R-

10 property owners may obtain summary determination that their property is a year-

round use without complying with the evidentiary requirements imposed upon all other

R-10 district property owners by showing that their property was deemed a year-round

use by the terms of a settlement agreement in the 1999 Case is in violation of the

Plaintiffs' equal protection rights as protected by the Fourteenth Amendment to the

United States Constitution.

70.    Defendant Town's promulgation, passage, adoption and enforcement of

the Challenged Regulations has the effect of depriving the Plaintiffs of any reasonable

use of their property before March 15 and after November 30 of each year without just

compensation in violation of the Fifth and Fourteenth Amendments to the United States

Constitution.

71.     The Challenged Regulations bear no substantial relationship to the police powers vested in the Town and Commission, and therefore violate the Fourteenth Amendment to the United States Constitution.

72.     The Challenged Regulations create a defacto zoning process which is not authorized by Connecticut state law and is therefore invalid.

73.     Actual bona fide and substantial questions of law and substantial uncertainty of legal relations exist between the parties, which questions and uncertainty require settlement by this Court.

**WHEREFORE,** the Plaintiffs respectfully request the following relief:

1.      A declaratory judgment that the Challenged Regulations are null and void because they:

        A.      Violate Connecticut General Statutes Section 8-2 and 8-2h(a);

        B.      Violate the Fifth and/or Fourteenth Amendments to the United States Constitution; and/or

        C.      Violate Article First, Sections 1, 8 and/or 10 of the Connecticut Constitution.

2.      A declaratory judgment that the actions of the Defendants in attempting to restrict use of residential dwelling during the months of November through April are *ultra vires*;

3.      A declaratory judgment that the designation of certain properties in Table 11.19A.3 of the Zoning Regulations of the Town of Old Lyme as summarily exempt from the burden of providing that their properties are entitled to year-round use status through documentary evidence of their use of prior to December 31, 1999 renders the Challenged Regulations unconstitutional as a public emolument or privilege from the community in violation of Article First, Section 1 of the Connecticut Constitution.

4.      A declaratory judgment that the Defendants' procedure in issuing seasonal use determinations and the determinations issued by the Defendants to date are arbitrary and unenforceable because they:

        A.     Violate Connecticut General Statutes Section 8-2 and 8-2h(a); and

        B.     Violate the Fifth and Fourteenth Amendments to the United States Constitution.

5.     Temporary and permanent injunctions preventing the Defendants from enforcing the Challenged Regulations including, but not limited to, issuing or making determinations that properties in the R-10 zone are seasonal use properties, entering such determinations in the Registry designated by the Regulations, and staying any pending proceedings before the Old Lyme Zoning Board of Appeals arising from a seasonal use determination.

6.     A permanent injunction requiring the Defendants to release any and all seasonal use determinations from the land records and Registry of the Town.

7.     A permanent injunction requiring the Defendants to remove any SUO designation from the records of the Assessor of the Town of Old Lyme.

8.     Return of all documents Plaintiffs filed with the Town of Old Lyme as part of the registry process described herein.

9.     Compensatory damages.

10.     Exemplary or punitive damages as provided by law;

11.     Reasonable attorney's fees and costs as provided by law; and

12.     Such other relief as the Court may deem just and proper.

**<u>The Plaintiffs hereby demand a jury trial.</u>**

- 35 -

_____**THE PLAINTIFFS,**


**By:** _____
_____**A. Paul Spinella, Esq.**
**Federal Bar#: ct00078**
**Spinella & Associates**
**One Lewis Street**
**Hartford, CT 06103**
**860-728-4900 - Tel.**
**860-728-4909 - Fax**
**E-mail: spinella_law@yahoo.com**


**<u>CERTIFICATION</u>**

I HEREBY CERTIFY that on **August 29, 2011**, a copy of foregoing **Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


<u>/s/ A. Paul Spinella</u>
A. Paul Spinella, Esq. Federal Bar #: ct00078